BRIGHT, Circuit Judge,
concurring in part, dissenting in part.
I concur with respect to the majority’s holding regarding the search of the 1997 Chevrolet Blazer and the August 6, 2012 search of the OC Store. But I dissent with respect to the majority’s conclusion that the initial entry of the OC Store on July 28, 2012 did not violate the. Fourth Amendment.
The Fourth Amendment to the United States Constitution provides:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const, amend. IV. The Fourth Amendment “fundamentally protects a *570 person from unreasonable searches.” United States v. McMullin, 576 F.3d 810, 814 (8th Cir.2009).
“To establish a Fourth Amendment violation, a defendant must show that he had a reasonable expectation of privacy in the area searched.” United States v. Marquez, 605 F.3d 604, 609 (8th Cir.2010). Long bears the burden of establishing “both a subjective expectation of privacy and that the expectation is objectively reasonable.” United States v. Perry, 548 F.3d 688, 691 (8th Cir.2008) (quoting United States v. McCaster, 193 F.3d 930, 933 (8th Cir.1999)) (internal quotation marks omitted). The burden placed upon Long is, at most, preponderance of the evidence. United States v. Matlock, 415 U.S. 164, 177-78 n. 14, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) (“[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence.”). “Preponderance of the evidence means the greater weight of evidence.” Smith v. United States, 726 F.2d 428, 430 (8th Cir.1984) (internal quotation marks omitted). To meet this standard, Long was required to show that “when weighed with [the evidence] opposed to it, [evidence in favor of Long’s expectation of privacy had] convincing force and [was] more probably true and accurate.” Id.
The facts presented at the suppression hearing plainly meet the preponderance of the evidence standard[8] showing that it was “more probably true and accurate” that the OC Store was closed and, therefore, Long had a subjective[9] expectation of privacy. In particular, the record shows: Officer Spargur arrived at the OC Store at approximately 4:30 a.m.; the only exterior illuminated lights around the building were a street light and a flood light for a security camera; there was an electric “Open” sign in another part of the building which was not illuminated; Officer Spargur testified. that as he pulled into the parking lot there was no indication the “business [was] open to the public”; all of the doors were closed, but unlocked; “most of the lights [inside the OC Store] were off’; Officer Spargur did not see customers or employees inside the OC Store; and, because he was unsure of whether the OC Store was open, Officer Spargur knocked to announce his presence and received no answer. In light of these established facts, the conclusion follows that by a clear preponderance of the evidence the OC Store was closed. Thus, the district court clearly erred in finding Long failed to meet the preponderance of the evidence standard.
*571 The government asserts that, even if Long had a reasonable expectation of privacy in the OC Store, the Leon good-faith exception applies. The ultimate question under Leon is whether an officer “had an objectively reasonable basis to believe [s/he was] complying with [applicable law] and the Fourth Amendment.” United States v. Moore, 956 F.2d 843, 848 (8th Cir.1992). If an officer’s pre-warrant conduct is “clearly illegal,” the Leon good-faith exception does not apply. United States v. O’Neal, 17 F.3d 239, 242-43 n. 6 (8th Cir.1994).
Like the magistrate judge in this case, I am “hard pressed to think of a situation where society would be more likely to ree-ognize[ — -and a police officer would more easily see — ]a business owner’s expectation of privacy.” (Appellant’s Addendum 15). As admitted by Officer Spargur, when he approached the OC Store nothing externally indicated the business was open to the public. Officer Spargur also admitted that he continued to investigate — in spite of the OC Store externally appearing closed' — and, because he was unsure whether the business was open, felt obligated to knock and announce. Officer Spargur’s account of the initial search and his actions in response to the appearance of the OC Store are not consistent with a good faith belief that the OC Store was open to the public. Thus, under these facts, as well as others highlighted above, Officer Spargur could not in good faith believe that entry into the OC Store was permissible. See, e.g., United States v. Conner, 127 F.3d 663, 667 (8th Cir.1997) (holding the Leon good-faith exception did not salvage a warrantless entry by police because, under the facts known to police at the time of the entry, “[n]o officer could in good faith believe ... that the defendants consented to the officers’ visual or physical access to the motel room” (alteration in original) (internal quotation marks omitted)).
Further, Officer Spargur’s conduct was “clearly illegal” because Long possessed an expectation of privacy in his business when it was closed to the public. See v. City of Seattle, 387 U.S. 541, 545, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967) (“[Portions of commercial premises which are not open to the public may only be compelled ... within the framework, of a warrant procedure.”); O’Neal, 17 F.3d at 242-43 n. 6 (holding that if pre-warrant conduct is “clearly illegal” the good-faith exception does not apply and “evidence obtained under the resulting warrant should be excluded”). To permit the application of the Leon good-faith exception in this instance would undermine a purpose of the exclusionary rule — “to deter police misconduct.” O’Neal, 17 F.3d at 243 n. 6 (quoting United States v. Leon, 468 U.S. 897, 916, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)) (internal quotation marks omitted).
Thus, because the unwarranted search of the OC Store violated the Fourth Amendment and is not salvaged by the Leon good-faith exception, I dissent and would rule that the district court erred when it failed to suppress all evidence obtained as a result of the July 28, 2012 initial entry — including all evidence collected under the July 28, 2012 search warrant.

. The majority points out that Long "presented no evidence” at the suppression hearing. But a party does not fail to meet the preponderance of the evidence standard simply because he or she does not provide the best evidence on an issue. See, e.g., United States v. Diaz, 685 F.2d 252, 255 (8th Cir.1982) (holding the government’s showing of consent was not fatally flawed by its failure to call an informant as a witness because a police officer testified regarding consent); United States v. Soto, 988 F.2d 1548, 1553 (10th Cir.1993) (holding the record at the suppression hearing was sufficient to confer standing to challenge a search even though the defendant did not testify regarding ownership of the vehicle); United States v. Hageman, No. 2:11-CR-208-TC, 2011 WL 4403965, at *7 (D.Utah Sept. 21, 2011) (“[T]he fact that the two Defendants did not testify is not necessarily dis-positive of the issue” of whether Defendants met their burden to establish standing to challenge a search).

. If Long satisfies the subjective expectation of privacy standard by showing the OC Store was closed, Long meets the objective standard because, as the Supreme Court has held, "portions of commercial premises which are not open to the public may only be compelled ... within the framework of a warrant procedure.” See v. City of Seattle, 387 U.S. 541, 545, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967).